HALL, Judge.
Plaintiff, James Thomas Harrison, sued defendant, S. T. McKoin, Jr., for $5,766.88 due plaintiff for his harvesting 144,172 pounds of defendant’s peanuts pursuant to an oral contract. Defendant filed an exception of no cause of action which was overruled and then answered admitting the contract, but alleging plaintiff harvested only a part of the peanuts pursuant to the contract and left a part of his peanuts lying on the ground partially harvested. Defendant contended these peanuts were destroyed as a result of plaintiff’s failure to complete harvesting defendant’s field, causing defendant to .suffer a monetary loss in excess of plaintiff’s demand. Defendant demanded a trial by jury. A special verdict was returned in which the jury answered written questions submitted by the court. The verdict was in plaintiff’s favor awarding him $5,766.88 as prayed for and rejecting defendant’s claim for a set-off. Judgment was signed pursuant to the jury verdict and after denial of defendant’s motion for a new trial, defendant appealed.
On appeal, defendant urges the trial court’s judgment is incorrect for two reasons. First, defendant contends that he and his brother farmed as a partnership and plaintiff’s contract was entered into with the partnership rather than with him individually. Therefore, defendant argues, it was improper to have allowed plaintiff to sue defendant on a partnership debt without joining the partnership, citing LSA-C.C.P. Art. 737. Secondly, defendant contends the trial court’s judgment incorrectly failed to recognize his right to a set-off for the amount of loss he suffered as a result of plaintiff’s leaving a part of his peanuts on the ground.
Plaintiff alleged and testified he contracted with defendant to harvest pea *892 nuts from defendant’s land in Morehouse Parish at $.04 per pound. Defendant, making- no mention of a partnership, admitted in both his answer and a joint pretrial statement that he had so contracted with plaintiff. On trial of the case, evidence as to the existence of a partnership was objected to by plaintiff. Defendant’s counsel expressly stated in dialogue with the court that defendant was not seeking to evade liability on the partnership issue and stipulated that if plaintiff was entitled to win the lawsuit, judgment should be rendered against defendant. Defendant is bound by his judicial admission that he contracted with plaintiff and by his counsel’s stipulation and cannot now be heard to say the contract was with a partnership and not with him individually.
Plaintiff harvested, that is he dug, thrashed, and transported to an elevator, 144,172 pounds of defendant’s peanuts. These peanuts were harvested from 50 acres of defendant’s 73 acre field. Of the other 23 acres, about three were not suitable to be harvested. The peanuts growing on approximately 20 acres were dug, but not thrashed and delivered, and were left lying on the ground. Defendant’s contention is that' these 20 acres would have yielded about the same amount per acre as the acres harvested and plaintiff’s failure to harvest has cost him the value of 20 acres of peanuts which he contends is $8,262.40.
The evidence discloses that peanuts cannot be thrashed and combined while wet. During the harvesting season of 1974, there was an unusual amount of rainfall, as shown by the testimony and weather bureau records. The evidence is convincing that the peanuts which were dug but left on the ground and eventually eaten by blackbirds, could not be harvested because of wet weather. The jury’s verdict shows they believed plaintiff’s evidence that these 20 acres were not harvested because of bad weather and not because of neglect or fault on plaintiff’s part. The jury, therefore, rejected defendant’s demand for a set-off. The preponderance of the evidence clearly supports this determination.
The jury found defendant owed plaintiff $5,766.88 for 144,172 pounds of peanuts harvested at a contract price of $.04 per pound and that plaintiff did not breach his contract with defendant so as to give rise to a cause of action entitling defendant to a set-off. We agree, as the evidence strongly supports the correctness of this finding.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.